Filed 12/19/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C097966 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20111630) |
| v. | |
| SILVERIO SALDANA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Yolo County, Peter M. Williams and Paul K. Richardson, Judges.  Sentence vacated and remanded for resentencing.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Julie A. Hoskans, Supervising Deputy Attorney General, Henry J. Valle, Deputy Attorney General, for Plaintiff and Respondent.

1

In 2013, a jury found defendant Silverio Saldana guilty of possession for sale of a controlled substance (Health & Saf. Code, § 11378) and he was sentenced to 25 years to life in state prison as a three strikes offender. At the time, the trial court imposed and stayed four prior prison term enhancements found true under Penal Code section 667.5, subdivision (b).[1] Defendant appealed, and we affirmed the judgment in *People v. Saldana* (Jan. 8, 2015, C074302) (nonpub. opn.).[2]

Nearly a decade later, defense counsel moved to strike the four prior prison term enhancements under section 1172.75 and requested a full resentencing under that statute and *People v. Buycks* (2018) 5 Cal.5th 85. The trial court applied section 1172.75 to strike the previously stayed enhancements but declined to conduct a full resentencing due to the enhancements' status as stayed.

On appeal, the parties initially agreed, as did we, that the trial court erred in failing to conduct a full resentencing after striking the prior prison term enhancements. We vacated the sentence and remanded for a full resentencing proceeding.

The Attorney General, representing the People, timely filed a petition for rehearing, indicating that the concession was presented in error, and informing this court that this same issue was pending in another appellate court with more extensive briefing. We granted rehearing and ordered supplemental briefing with the issues just brought to our attention in mind, asking the parties to brief the following questions:

1.     Do any (or all) of the four stayed one-year prior prison term enhancements at issue in this case constitute an unauthorized sentence? (See, inter alia, *People v. Langston* (2004) 33 Cal.4th 1237, 1241["[o]nce the prior prison term is found true within

---

[1] Further undesignated statutory references are to the Penal Code.

[2] We granted the Attorney General's motion to incorporate the record in *People v. Saldana*, C074302.

the meaning of section 667.5, [subd.](b), the trial court may not stay the one-year enhancement, which is mandatory unless stricken"].)

2.      Assuming the stayed enhancements constitute an unauthorized sentence, how (if at all) does the stayed enhancements' status as unauthorized factor into the analysis of whether the trial court was required to conduct a full resentencing at the time of the enhancements' striking pursuant to section 1172.75?

3.      Setting aside their unauthorized nature, did the status of the enhancements as stayed affect defendant's entitlement to a full resentencing under the relevant statute; in other words, is a defendant with a stayed section 667.5, subdivision (b) enhancement generally entitled to a full resentencing under section 1172.75?

We received and considered the parties' briefing on these issues and reach the same conclusion as we did initially:  that defendant is entitled to a full resentencing on remand.  Because the trial court declined to provide a full resentencing, we vacate the sentence and remand.

In reaching this conclusion, we note that the case the Attorney General referenced in his rehearing petition was recently decided in a published opinion rejecting the Attorney General's position, which we later discuss in more detail.  (See *People v. Christianson* (Nov. 17, 2023, D081330) __ Cal.App.5th __ [2023 Cal.App. Lexis 888] (*Christianson*).)

Further, as of this writing, two additional cases on the issue of a defendant's entitlement to resentencing under section 1172.75 where the (now invalid) enhancements were imposed and stayed have been published by our sister courts.  In *People v. Renteria* (2023) 96 Cal.App.5th 1276 (*Renteria*), the Attorney General conceded, and the appellate court agreed, that the trial court erred when it failed to provide defendant with the opportunity for a full resentencing under the same circumstances presented here.  In *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), the appellate court concluded the defendant was *not* entitled to resentencing because the now invalid enhancements were

3

stayed after imposition, and therefore were not "imposed" as required by section 1172.75 for resentencing eligibility.

The *Christianson* court disagreed with *Rhodius* in a footnote; the *Rhodius* court did not mention *Renteria*.

Here, the Attorney General agrees that section 1172.75 applies to warrant striking the stayed enhancements but argues to limit the application of the statute to exclude the provision requiring a full resentencing. Alternatively, in oral argument the Attorney General's representative also agreed with the holding of the *Rhodius* court. We disagree with these positions, as we explain *post*.

## BACKGROUND

We omit a summary of the facts underlying defendant's conviction because they are not relevant to the issue raised on appeal.

In January 2023, after the Department of Corrections and Rehabilitation had referred defendant to the trial court as having a judgment with one or more qualifying priors, defendant filed a motion for resentencing under section 1172.75, which provides in relevant part that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).) Defendant also requested that the trial court conduct a full resentencing hearing to revisit all its sentencing choices. The prosecution opposed the motion, arguing section 1172.75 did not apply to the stayed prior prison term enhancements.

At a hearing in February 2023, the trial court struck the previously stayed prior prison term enhancements (§ 1172.75, subd. (a)), but found that it was not permitted to conduct a full resentencing hearing under section 1172.75, subdivision (d). The court opined that striking a stayed enhancement did not trigger a reopening of sentencing as would an unstayed enhancement. Defendant timely appealed.

4

## DISCUSSION

### I

*The Stayed Enhancements as Unauthorized*

When defendant was originally sentenced in 2013, the trial court imposed and then stayed the four one-year prior prison term enhancements found true under section 667.5, subdivision (b).[3] Although never brought to the attention of the trial or appellate courts prior to the instant appellate proceeding, the parties now agree, as do we, that the trial court stayed the enhancements in error, resulting in an unauthorized sentence. (See *People v. Langston, supra,* 33 Cal.4th at p. 1241 [trial court required to impose or strike one-year prior prison term enhancement, but it could not stay the one-year term].)

Defendant argues the enhancements' stayed status and the resulting illegality of the sentence does not affect his entitlement to a full resentencing following the enhancements' striking. He reasons that "[b]ecause they still could have been imposed, improperly stayed enhancements [that] had not yet been corrected should be treated no differently than those for which sentence was not stayed." The Attorney General agrees that "the unauthorized nature of [defendant's] 2013 sentence does not affect the analysis of whether the trial court was required to conduct a full resentencing . . . at the time of striking the enhancements."

Notably, the Attorney General does not disagree with the notion that the enhancements, whether stayed or unstayed, are no longer valid pursuant to the changes in the relevant law. And he agrees that "the trial court here correctly vacated the invalid enhancements" in response to defendant's request for resentencing under section

---

[3] Although not necessarily dispositive to the issue presented here, we note that the enhancements are reflected in the abstract of judgment, with their respective terms noted as stayed. (See *Christianson, supra*, 2023 Cal.App. Lexis 888, pp. *9-*14; *Renteria, supra*, 96 Cal.App.5th at p. 1282.)

1172.75. However, the Attorney General also cites *People v. Gonzales* (2008) 43 Cal.4th 1118 (*Gonzales*) to argue that defendant "is *not eligible for resentencing* under section 1172.75 because no additional term of punishment was added at the time of sentencing." (Italics added.) These positions, as defendant points out, are inconsistent. When considered together, they amount to an argument for partially applying section 1172.75 and its ameliorative effect to defendant solely because of the (improperly) stayed status of his enhancements.[4]

As explained more fully below, we reject the Attorney General's argument regarding the limits of the new law, finding it unpersuasive. Either section 1172.75 applies to defendant or it does not. We agree with both parties as well as our sister courts in *Renteria, supra*, 96 Cal.App.5th 1276 and *Christianson, supra*, __ Cal.App.5th __ [2023 Cal.App. Lexis 888], that the section 667.5, subdivision (b) enhancements to defendant's sentence must be stricken under section 1172.75. Because the statute mandates striking the now invalid enhancements, the statute by its express terms--backed by supportive case law--*also* requires that defendant receive a full resentencing.

---

[4] We also note that the Attorney General's position--advocating for partial application of section 1172.75--differs from the holding in *Rhodius, supra*, 97 Cal.App.5th 38, where the appellate court took the position that the statute does not apply to the stayed enhancements *at all*, rather than that the statute requires the enhancements be stricken but does not require that defendants seeking relief be provided with a full resentencing. (*Id.* at pp. 41-43.) At oral argument, the Attorney General's representative clarified that he continues to take the position articulated in his briefing in the instant case, but that he also agrees in relevant part with the *Rhodius* decision. His primary point appears to be that a defendant with stayed section 667.5, subdivision (b) enhancements is not eligible for a full resentencing under section 1172.75, subdivision (d), *regardless* of whether that defendant is properly before the trial court pursuant to section 1172.75, subdivision (a).

## II

### *The Stayed Enhancements as Unexecuted*

Section 1172.75 expressly provides that if a judgment includes a qualifying prior prison term enhancement, the trial court shall recall the sentence and resentence the defendant. (§ 1172.75, subd. (c).) At any such resentencing, the court shall "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; see also *People v. Buycks, supra*, 5 Cal.5th at p. 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances' "].)

Citing the 2008 case of *Gonzales, supra*, 43 Cal.4th 1118, the Attorney General argues the statute's requirement that the enhancements be "imposed" actually requires that they be imposed *and executed*, which defendant's enhancements had not yet been at the time of the hearing at issue since they remained stayed. However, as we have previously explained, the Attorney General does not disagree that defendant's imposed enhancements were rendered "legally invalid" as described by the statute and thus properly before the trial court for striking. (§ 1172.75, subd. (a).) The Attorney General provides no explanation or analysis of how the new law both permits the striking mandated by section 1172.75, subdivision (a), and yet precludes the full resentencing required by subdivisions (c) and (d). As previously explained, this was not the holding in the *Rhodius* decision. (See fn. 4, *infra*.)

"As the Supreme Court has observed, 'it is important to understand that the word "impose" applies to enhancements that are "imposed and then *executed*" as well as those

7

that are "imposed and then *stayed.*" ' ([*Gonzalez, supra,*] 43 Cal.4th [at p.] 1125.)" (*Renteria, supra*, 96 Cal.App.5th at p. 1282.) *Gonzales* concerned contradictory subdivisions of section 12022.53, dealing with gun enhancements. Our high court decided that the use of "imposed" within one of the subdivisions was in fact shorthand for "imposed and executed" as to that particular statutory scheme, construed as such in order to harmonize the obvious conflict between section 12022.53, subdivisions (f) and (h), one of which *limited "imposition"* of certain multiple enhancements and one of which *precluded their striking*. (*Gonzales, supra*, 43 Cal.4th at p. 1126; see § 12022.53, subds. (f), (h).) This is not a situation where any statutory subdivisions contradict one another such that resolution of any perceived "ambiguity" is required, despite the Attorney General's argument to the contrary. *Gonzales* is not on point here.

Even were we to find ambiguity in the Legislature's use of "imposed" in the non-contradictory statutory scheme here, there appears another key difference between the instant situation and that in *Gonzales*, where the court observed the Legislature's stated intent in passing the legislation at issue there was to ensure *lengthier* prison sentences for firearm use. (*Gonzalez, supra*, 43 Cal.4th at p. 1129.) Here, the intent was the opposite.

As observed by the appellate court in *Christianson, supra*, __ Cal.App.5th __ [2023 Cal.App. Lexis 888, pp. *18-*19]: "The statutory scheme at issue here involves statutory amendments expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.' (Sen. Rules Com., Analysis of Sen. Bill No. 136 (2019–2020 Reg. Sess.), as amended Sept. 3, 2019, p. 5; see also Stats. 2021, ch. 728, § 1 ['in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements'].) Consistent with that intent, the other provisions of the statute require that the trial court conduct a full resentencing for those defendants impacted by

8

the now invalid enhancement in light of all associated sentencing reform. Specifically, section 1172.75, subdivision (d)(2) requires the trial court to apply 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' Subdivision (d)(3) further permits the trial court to consider a broad range of postconviction factors 'and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.' (§ 1172.75, subd. (d)(3).) Thus, it appears the Legislature intended to provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements."

Although the appellate court in *Rhodius, supra*, 97 Cal.App.5th at pages 41 to 43, repeatedly posits that defendants serving sentences with stayed enhancements will not be subject to a lesser sentence (as the Legislature intended) if their enhancements are stricken, we disagree. The presence of a stayed term or enhancement is not without significance; it is part of the sentence and remains available if its execution becomes necessary and proper for any legally sanctioned reason. "When a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed term is invalidated. . . . Thus, a stayed sentence enhancement remains as part of the judgment and continues to carry the potential for an increased sentence in certain circumstances, and removal of the stayed enhancement does provide some relief to the defendant by eliminating that potential." (*Christianson, supra*, 2023 Cal.App. Lexis 888, p. *16.)

The Attorney General's remaining arguments conflate defendant's eligibility for recall and resentencing under section 1172.75 with his eligibility for a full resentencing after his imposed enhancements are stricken. For example, the Attorney General repeatedly points out that released prisoners are not eligible for relief under the statute, so not every person who has a now invalid enhancement attached to their sentence is eligible for resentencing. While true, this is irrelevant to the argument that this incarcerated

9

defendant, who undisputedly has now invalid enhancements included in his conviction of record, is eligible for *some* relief (striking of the enhancements) but not for *all* relief (full resentencing) directed by the plain language of the statute and supporting case law, merely because his enhancements were (illegally) stayed. We see no authority for selectively applying the statute's various requirements.

Defendant was entitled to a full resentencing under the terms of section 1172.75, including the application of "any other changes in law that reduce sentences or provide for judicial discretion . . . ." (§ 1172.75, subd. (d)(2).) To correct this error, we shall remand for a full resentencing hearing. (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 [defendants are entitled to sentencing decisions based on court's informed discretion; when a trial court is unaware of the scope of its discretionary powers, it cannot exercise the requisite informed discretion].)

## DISPOSITION

The sentence is vacated, and the matter is remanded for resentencing consistent with section 1172.75 and all current sentencing statutes that apply to defendant.

/s/
Duarte, J.

We concur:

/s/
Earl, P. J.

/s/
Horst, J.*

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10